846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Warren C. WHITE, Plaintiff-Appellant,
v.
SEVENTH JUDICIAL CIRCUIT OF MARYLAND, Defendant-Appellee.
 No. 87-2157.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1988.
Decided April 26, 1988.
 
 Robert H. Reiter for appellant.
 James G. Klair, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In September, 1984, Warren White, a sixty-three year old white male, applied for the position of Master for Domestic Relations in the Court of General Jurisdiction of Prince George's County in the Seventh Judicial Circuit of Maryland. White was interviewed and rated by a three judge panel. On December 14, 1984, White was notified that another candidate, a thirty-one year old black male, had been appointed to fill the master's position.
 
 
 2
 On May 7, 1985, the court informed White of a new vacancy for a Master of Domestic Relations and advised him that his prior application would be reconsidered unless he informed the court that he was not interested in the new position. White did not withdraw his name from consideration, but his name was nonetheless omitted from the lsit of applicants that the panel submitted to the full court. White was subsequently informed that a forty-three year old white male had been selected to fill the position.
 
 
 3
 After the Equal Employment Opportunity Commission concluded that the evidence did not support White's allegations of age or race discrimination, White filed suit in federal district court alleging, inter alia, age discrimination in violation of 29 U.S.C. 621 and race discrimination in violation of 42 U.S.C. 2000e. The district court subsequently granted defendants' motion for summary judgment. Plaintiff appeals the grant of summary judgment with respect to the age discrimination claim. Because the record presents no triable claim that age discrimination motivated the nonselection of White for the position of Master of Domestic Relations, we affirm the grant of summary judgment.
 
 
 4
 Plaintiff has presented no evidence to suggest that his nonselection was motivated by age discrimination. White has established only that younger persons were selected to fill the vacancies for which he applied. He has failed to show any connection between his age and his nonselection that would support the inference that he was not hired because of his age. Autry v. North Carolina Dept. of Human Resources, 820 F.2d 1384, 1386 (4th Cir.1987).
 
 
 5
 We do not agree that a reference to White's age in the context of a discussion of the employer's pension plan during his interview with the screening panel indicates that age was a discriminatory factor used in the selection process. According to White, the panel noted that, at age sixty-three, he could work seven years before mandatory retirement at age seventy, thereby meeting the eligibility requirement of six years of employment to qualify for pension benefits. Employers may certainly discuss pension benefits with candidates for employment. Plaintiff's age was relevant to this discussion. Whatever the panel's reasons for rejecting White's application, the fact that his pension eligibility was discussed does not suggest discrimination on the basis of age.
 
 
 6
 The panel concluded that the successful candidates were better qualified to fill the vacancies than White. The screening panel rated applicants in three areas: interest, experience, and initiative. Although White received an A rating in experience, he received B's in both interest and initiative. Since the panel considered interest to be the single most important factor for the first vacancy which entailed routine support collections, White was less qualified than the successful candidate who received an A in interest. White was similarly less qualified than the candidate selected to fill the second vacancy who had initially received A ratings in all three categories assessed.
 
 
 7
 Finally, there is no evidence to suggest that the failure to forward plaintiff's application to the full court was done in retaliation for a letter of inquiry he wrote about the results of the first selection process.
 
 
 8
 Plaintiff has failed to establish the existence of a genuine issue of material fact on the ultimate issues of age discrimination or retaliation. Since plaintiff has presented insufficient evidence to support a jury verdict in his favor, summary judgment was appropriately granted. See Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510-11 (1986); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552-53 (1986).
 
 
 9
 The judgment of the district court is therefore
 
 
 10
 AFFIRMED.
 
 
 11
 HARRISON L. WINTER, Chief Judge, concurring in part and dissenting in part:
 
 
 12
 I agree with the majority that plaintiff failed to establish any basis on which to conclude that his nonselection for the first position as Master of Domestic Relations was motivated by age discrimination. In applying its employment criteria, for which plaintiff initially received an A rating in experience and B ratings in interest and initiative, to the particular opening for Support Collection Master, the selection panel determined that the interest criterion should be weighed most heavily. Since plaintiff received a B rating in that category and the person ultimately hired received an A rating in that category, it follows that plaintiff failed to adduce "proof that points toward illegal discrimination." Holmes v. Bevilacqua, 794 F.2d 142, 147 (4 Cir.1986). Moreover, the discussion during the interview with the screening panel regarding plaintiff's eligibility for pension benefits is certainly no more indicative of discriminatory intent than was defendant's statement that plaintiff's resume indicated she was approaching retirement age in Ballinger v. North Carolina Agricultural Extension Service, 815 F.2d 1001, 1006 (4 Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987).
 
 I.
 
 13
 I disagree, however, that because the person ultimately hired for the second opening of Master of Domestic Relations received higher ratings under the criteria used for the first selection, that plaintiff has failed to demonstrate a genuine issue of material fact as to the ultimate issues of retaliation and age discrimination for the second failure to hire. The Seventh Judicial Circuit made a clear determination that the interest and initiative criteria were less important for the second opening (the position of General Domestic Master) than for the first opening (the position of Support Collection Master), and therefore elevated the B ratings of applicants in those categories to A ratings. Since plaintiff therefore had the highest possible rating for purposes of the second opening, an A rating in all three categories, I cannot conclude from a comparison of the plaintiff's credentials to those of the person ultimately hired based upon criteria that the defendant itself expressly rejected that the possibility of age discrimination was refuted.
 
 
 14
 The district court inferred from letters written by plaintiff inquiring as to the basis for his nonselection for the first opening[1] that his "intemperance and state of mind ... fully corroborate the conclusion that White was not a suitable choice for the position of Domestic Relations Master." I do not think that the sequence of proof and burdens for Title VII claims prescribed under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), applicable to retaliation claims, Ross v. Communications Sattelite Corp., 759 F.2d 355, 365 (4 Cir.1985), permit the rejection of plaintiff's claim on this basis.
 
 
 15
 To prevail on a claim of retaliation under Title VII, plaintiff must first establish by a preponderance of the evidence a prima facie case consisting of the following elements: (1) plaintiff engaged in protected activity; (2) the employer took adverse employment action against plaintiff, and (3) a causal connection existed between the protected activity and the adverse action. Ross 759 F.2d at 365. In this case, plaintiff succeeded in establishing his prima facie case.
 
 
 16
 First, plaintiff filed suit with the E.E.O.C. and inquired of the Seventh Judicial Circuit as to the basis of his nonselection. Although plaintiff ultimately lost on the merits of his original discrimination claim, his conduct in opposing perceived discrimination is protected activity. Berg v. La Crosse Cooler Co., 612 F.2d 1041, 1043 (7 Cir.1980); Rogers v. McCall, 488 F.Supp. 689, 697 (D.D.C.1980).
 
 
 17
 Second, plaintiff received adverse treatment from the employer in the form of nonselection.
 
 
 18
 Finally, plaintiff produced sufficient evidence from which the requisite causal connection could be inferred. While "showing that the employer had actual or imputed knowledge of the opposition or participation," Rogers at 697-98, may not alone suffice to establish the causal connection, in this case there is more. Members of the screening panel and at least one member of the full committee were aware of plaintiff's inquiries regarding potential discrimination, and despite plaintiff's triple A rating, his name was not advanced for full committee consideration. Coupled with this omission was evidence that the screening committee rectified an oversight in failing to refer for full committee consideration another applicant with a triple A rating for the second opening but failed to do so for plaintiff. I think it reasonable to infer a causal connection between plaintiff's protected activity and defendant's adverse treatment of plaintiff.
 
 
 19
 Since plaintiff, therefore, succeeded in establishing a prima facie case, the burden then shifted to defendant to produce a legitimate nondiscriminatory reason for its failure to consider plaintiff's application. Ross, 759 F.2d at 365. In fact, defendant failed to produce any reason for its failure to refer plaintiff's application for full committee consideration.
 
 II.
 
 20
 Moreover, with respect to plaintiff's underlying claim of age discrimination in defendant's second failure to hire, I am not persuaded that plaintiff produced no evidence "to suggest his nonselection was motivated by age discrimination." While defendant based its first failure to hire plaintiff upon disparate ratings for the relevant criterion of initiative, plaintiff's ratings for the second position were the highest achievable. Notwithstanding that the person ultimately hired was 43 years old in 1985, the district court correctly recognized that while inclusion in the protected group of the person ultimately hired can, in some instances, preclude a finding of age discrimination, E.E.O.C. v. Western Electric Co., Inc. 713 F.2d 1011 (4 Cir.1983), it need not preclude a finding of discrimination where, as here, the person hired is substantially younger than plaintiff.
 
 
 21
 Applying the four-prong test outlined in Holmes, 794 F.2d at 146, I think that plaintiff made out a prima facie case of age discrimination. First, plaintiff falls within a protected group. Second, he applied for a job opening for which he was qualified. Third, despite his qualifications he was rejected. Finally, while plaintiff did not prove the person ultimately hired less qualified, he clearly established that the full committee was never given the opportunity to consider his qualifications relative to those of the person hired, because, despite his undisputed qualifications, his application was never advanced to the full committee for consideration. Despite the majority's assertion that applying the criteria used for the initial opening for Special Collections Master indicates that plaintiff was less qualified than the person ultimately hired for the second opening, the truth remains that under the relevant criteria for the latter opening, plaintiff had the highest possible rating. It is quite possible that given the evidence of plaintiff's vastly superior qualifications in the experience category over the person ultimately hired for the second position, that the full committee would have concluded that plaintiff was the most highly qualified of the applicants for that opening.
 
 
 22
 With regard to plaintiff's claim of retaliation and age discrimination in defendant's failure to hire him for the second position, I respectfully dissent. I would reverse this aspect of the district court's judgment granting summary judgment and remand the case for trial.
 
 
 
 [1]
 One letter was sent to the court administrator with copies sent to the members of the screening panel and a second was sent to a judge on the Seventh Judicial Circuit whom plaintiff described as neighbor and friend