872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas SHELTON, Plaintiff-Appellant,
v.
REYNOLDS METALS COMPANY, Defendant-Appellee.
 No. 88-3185.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1988.
Decided March 9, 1989.
 
 Thomas Shelton, appellant pro se.
 Eva Susan Tashjian-Brown, McGuire, Woods, Battle & Boothe, for appellee.
 Before WIDENER, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Shelton appeals from an order of the district court granting defendant's motion for an involuntary dismissal, Fed.R.Civ.P. 41(b), at the conclusion of Shelton's evidence at trial. We affirm.
 
 
 2
 Shelton, a black male, filed a complaint pursuant to 42 U.S.C. Sec. 1981 alleging that he was bypassed for employment in a full-time permanent position (with benefits) in the porter services department at Reynolds Metals Company (RMC).[1] Shelton contends that Gene Faison, a white male, was chosen for the position because of racial discrimination. In this type of case, Shelton must prove intentional racial discrimination to prevail. Autry v. North Carolina Dep't of Human Resources, 820 F.2d 1384, 1385 (4th Cir.1987). The order of proof and the allocation of burdens is well established:
 
 
 3
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 4
 Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 5
 While we question whether Shelton has established a prima facie case, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Autry, 820 F.2d at 1386, even assuming that he did, it is clear that RMC has established a valid nondiscriminatory reason for Shelton's rejection--that Faison was hired in the permanent position "because of his supervisory background"[2]--and Shelton has offered no evidence to establish, by a preponderance of the evidence, that that reason is pretextual. Therefore, we find that Shelton did not meet his burden under Burdine and that the district court properly ordered an involuntary dismissal against Shelton.[3]
 
 
 6
 We dispense with oral argument because the legal contentions and facts are adequately presented on the record before us and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Shelton was instead hired in a temporary position (without benefits)
 
 
 [2]
 Shelton, acting pro se, stipulated to this fact before trial
 
 
 [3]
 We base our decision on the evidence adduced below. We have disregarded, as we must, Shelton's claims on appeal regarding what his missing witnesses would say if they testified