872 F.2d 420
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dianne G. WHITE, Plaintiff-Appellant,
v.
C & P TELEPHONE COMPANY OF MARYLAND, Defendant-Appellee.
 No. 88-2512.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1989.
Decided March 15, 1989.
 
 Dianne G. White, appellant pro se.
 Cecelia Travers Roudiez, the Chesapeake and Potomac Telephone Company, for appellee.
 Before DONALD RUSSELL, WIDENER, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dianne G. White, a former employee of C & P Telephone, brought this action alleging discriminatory denial of promotion under 42 U.S.C. Sec. 1981 and constructive discharge under 42 U.S.C. Sec. 1981 and Title VII. The district court granted C & P's motion for a directed verdict on the Sec. 1981 denial of promotion claim and found for C & P on the Title VII claim; the jury found for C & P on the Sec. 1981 constructive discharge claim. White appeals, and we affirm.
 
 
 2
 White, a black female, was employed by C & P as a non-management employee for 16 years. She worked in the Marketing Measurement Administration Staff (MAS) department from 1978 until her resignation on January 31, 1985. During that time she received consistently satisfactory job performance reviews. She also served as a temporary management employee while management positions were vacant; other non-management employees in MAS also participated in the temporary assignment program.
 
 
 3
 During her tenure in MAS, there were three vacancies in management within the department. The first, in 1979, was filled by a white female who was promoted from non-management. The second, in 1981, was filled by a black male, also promoted from non-management. The third, in 1984, was filled by a white female who transferred laterally into MAS from a management position in a different department. We are concerned only with the last vacancy because claims relating to the other vacancies are barred by the statute of limitations. Va.Code Ann. Sec. 8.01-243(A); Burnett v. Grattan, 468 U.S. 42 (1984).
 
 
 4
 In order to make out a prima facie case of discriminatory failure to promote, a plaintiff must prove five elements:
 
 
 5
 1. a position was open;
 
 
 6
 2. the plaintiff is a member of a protected class;
 
 
 7
 3. the plaintiff was qualified for the job;
 
 
 8
 4. despite her qualifications, the plaintiff did not get the job; and
 
 
 9
 5. the position remained open and the employer continued to interview persons with the plaintiff's qualifications.
 
 
 10
 Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1285-86 (4th Cir.1985); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). As the district court correctly noted, White did not prove the first element of the prima facie case because the lateral transfer of an employee in accordance with company policy refutes the plaintiff's claim that there was an opening into which she could have been promoted. Woodard v. Lehman, 717 F.2d 909, 917-18 (4th Cir.1983). Because there were no openings in MAS management, and because White did not put on evidence of vacancies elsewhere in the company for which she was qualified, she failed to make a prima facie case of discriminatory failure to promote. Therefore, the directed verdict was properly granted.
 
 
 11
 In order to prove that she was constructively discharged under either 42 U.S.C. Sec. 1981 or Title VII, White had to prove two things. First, she had to show that C & P deliberately tried to force her to quit. Second, she had to show that the working conditions at C & P were so intolerable that any reasonable person in her position would have felt compelled to quit. Bristow v. Daily Papers, Inc., 770 F.2d 1251, 1255 (4th Cir.1985), cert. denied, 475 U.S. 1082 (1986). Job dissatisfaction is not in itself sufficient to support a constructive discharge claim. Bristow, 770 F.2d at 1252.
 
 
 12
 White's claim of constructive discharge was not supported by the evidence. First, when she threatened to quit after she was told she would not get the 1984 promotion, White was told that her job was open and she was welcome to stay. Second, and more important, although C & P's failure to promote White may have been unpleasant or even disheartening, it was not sufficient to make the work environment so intolerable that the reasonable person in her position would have felt compelled to resign.
 
 
 13
 Because the evidence did not support the claim of constructive discharge, the trial court properly denied White's Title VII claim. Further, the jury's verdict on the Sec. 1981 claim will not be overturned because there is substantial evidence in the record supporting the verdict when the evidence is viewed in the light most favorable to C & P. Entre Computer Centers v. FMG of Kansas City, Inc., 819 F.2d 1279, 1283 (4th Cir.1987). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 14
 AFFIRMED.