892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
B. Michael HAMILTON, Plaintiff-Appellant,
v.
EQUITABLE BANK, N.A., Defendant-Appellee.
 No. 89-2917.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 18, 1989.
Decided: Dec. 27, 1989.
 
 B. Michael Hamilton, appellant pro se.
 Stanley Mazaroff, Francis Raymond Laws, Venable, Baetjer & Howard, for appellee.
 Before DONALD RUSSELL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 B. Michael Hamilton, a black male, filed an employment discrimination complaint claiming that his former employer, Equitable Bank (the Bank), discriminated on the basis of race in denying him a promotion, in terminating him, in imposing harsh conditions of employment, and by paying him less salary than white employees. The district court granted the Bank's motions for summary judgment. We affirm.
 
 
 2
 * Hamilton had been employed as a Core Commercial Manager for six months when the Bank reorganized its Washington, D.C. offices and created a position of Market Manager. The Market Manager position was added to provide more accountability and supervision of the branch offices, as part of the Bank's plan to gain a larger share of the Washington area market. The Market Manager was to be responsible for the operation of eight branch offices. Hamilton and a white employee of the Bank applied for the position but the Bank hired Mr. Cooper from Florida to fill the position. Subsequent to Cooper's hiring, Hamilton began experiencing trouble with his superiors at the Bank. The Bank attempted to resolve the problems over the course of a year through counseling, written warnings, two job transfers, and the creation of a new job tailored for Hamilton. Finally, the Bank terminated Hamilton for his failure to follow company policies.
 
 
 3
 Hamilton then filed a complaint based on Title VII and 42 U.S.C. § 1981 claiming that (1) he was unfairly denied the promotion to Market Manager, (2) he was improperly terminated, (3) the Bank imposed unfair conditions of employment, and (4) he was paid less salary than equally situated white employees.
 
 II
 
 4
 Initially, because the district court granted the Bank's motion for summary judgment, this Court must affirm the order below unless Hamilton can show "significant probative evidence tending to support the complaint" which is of the quality "that a reasonable jury could return a verdict for [him]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Moreover, in the employment discrimination context, Hamilton bears the burden of establishing intentional racial discrimination. Autry v. North Carolina Dep't of Human Resources, 820 F.2d 1384, 1385 (4th Cir.1987). Thus, Hamilton must establish a prima facie case and then rebut the employer's legitimate, nondiscriminatory reason for its action. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).* With these general principles in mind, we turn to each of Hamilton's claims.
 
 
 5
 Hamilton claims that he was unfairly denied the promotion to Market Manager on account of his race. Assuming, without deciding, that Hamilton established a prima facie case, we find that Hamilton has failed to rebut the Bank's nondiscriminatory reason for not promoting him. The Bank contended that Hamilton was unfit for the promotion because of a history of personal financial difficulties (including 55 overdrafts and over $1300 in delinquent presentment fees), his lack of experience in consumer loans, and the superior management qualifications of the person eventually hired. Contrary to Hamilton's assertions, we think it is manifest that personal financial fitness was a prerequisite for the promotion at issue. We note that the position was in a new, aggressive section of the Bank and necessarily required financial fitness in its leader. Therefore, Hamilton cannot overcome the Bank's showing.
 
 
 6
 Hamilton also claims he was subjected to unfair conditions of employment because of his race. Again assuming, without deciding, that Hamilton has established a prima facie case, we find that Hamilton has failed to rebut the Bank's reasons for its actions. In this regard, we note that the Bank exhibited extreme restraint in dealing with Hamilton and attempted to keep him as an employee. The Bank tried consultations with its Human Relations Department, written warnings, job transfers, and created a new position to take advantage of Hamilton's expressed strengths. None of the efforts proved successful but we deem the Bank's efforts more than sufficient to disprove discriminatory intent.
 
 
 7
 Hamilton's last claim alleges that he was paid less salary than similarly situated white employees. We find that the record does not factually support this claim. Hamilton received at least the same pay and raises as other white employees who were in the same grade. Thus, Hamilton has wholly failed to establish a prima facie case of discrimination in this respect.
 
 III
 
 8
 In closing, we observe that the Bank asserts that Hamilton's action should have been dismissed because he invoked his Fifth Amendment right of silence to deposition questions concerning his alleged forgery and obtaining money by false pretenses. While we do not decide this case on that basis, we note, as did the district court, that Hamilton's failure to address the questions concerning this conduct limited his ability to rebut the Bank's showing. Moreover, we agree with the district court that Hamilton's last-minute decision to answer these questions, almost two years after the institution of this action, would not save his complaint.
 
 
 9
 Accordingly, we affirm the entry of summary judgment in favor of the Bank. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument will not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Hamilton must prove his prima facie case and rebut the employer's reasons by a preponderance of the evidence. Burdine, 450 U.S. at 252-53