ERVIN, Judge.
The Department of Corrections (DOC) appeals an order of the Florida Commission on Human Relations (FCHR) finding that appellee, Arthur J. Chandler, was unlawfully discriminated against when he was not recommended for promotion. We reverse.
Chandler, a Classification Specialist I at Marion Correctional Institute, applied for the position of Classification Specialist II at Florida Correctional Institute (FCI). The interview team recommended three applicants for the position: Kate Eldridge, a white woman; J.C. Dekle, a white man; and Brandon Cave, a black man. Chandler, a black man, was not recommended, although he was highly qualified and had achieved the second-highest score in the interview process. Eldridge, the highest scorer, was appointed to the position. It is undisputed that Eldridge was a long-time friend of Jane Grizzard, a member of the three-person interview team, and there was evidence that Grizzard had influenced the selection process to ensure the promotion of her friend.
Chandler filed a complaint alleging racial discrimination based upon this incident, pursuant to Section 760.10(l)(a), Florida Statutes (1985). The DOC primarily defended on the ground that the three individuals recommended for the promotion had experience in the reception process, which Chandler did not, and that such experience was essential because FCI was then designated a reception facility. The hearing officer concluded that the reasons articulated for recommending Eldridge and the others rather than Chandler were pretextual; and that Grizzard persuaded the committee not to recommend Chandler because, as a highly qualified black applicant, and in light of DOC’s affirmative-action policy, Chandler ultimately might have been chosen, thus he jeopardized the candidacy of Eldridge. The hearing officer found that this constituted discrimination, and FCHR adopted that finding, awarding Chandler back pay, prejudgment interest, benefits, and attorney’s fees and costs. We conclude that the promotion as above described does not constitute a violation of Florida’s anti-discrimination law.
Section 760.10 provides:
(1) It is an unlawful employment practice for an employer:
(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.
*1185 The hearing officer specifically found that Grizzard selected Eldridge because El-dridge was her friend, and not because Eldridge was white and Chandler black. Although Grizzard’s motivation may have been unfair or discriminatory, and although the reasons given by DOC and Grizzard were perhaps a pretext to disguise the promotion based upon friendship, these reasons cannot be considered a pretext to disguise the existence of racial discrimination.[1] See Holder v. City of Raleigh, 867 F.2d 823 (4th Cir.1989) (no discrimination shown in promotion of employee’s son rather than black plaintiff); Autry v. North Carolina Dep’t of Human Resources, 820 F.2d 1384, 1385 (4th Cir.1987) (promotion of interviewer’s white friend rather than black plaintiff did not establish racial discrimination); DeCintio v. Westchester County Medical Center, 807 F.2d 304 (2d Cir.1986) (seven males did not prove discrimination on the basis of gender when they established that program administrator filled a position with a qualified woman with whom the administrator had a romantic relationship), cert. denied, 484 U.S. 825, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987).[2]
In that we reverse the finding of discrimination, we do not reach the remaining issues concerning the propriety of the damages awarded.
REVERSED.
NIMMONS and ZEHMER, JJ., concur.

. We do not reach the issue of whether an individual may prove discrimination by showing that an employer violated its own affirmative-action policy. We simply find that there was no evidence of this in the case at bar.

. Because Florida’s Human Rights Act is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, Florida courts may look to interpretive federal case law for guidance in determining whether an unlawful employment practice has occurred. School Bd. of Leon County v. Hargis, 400 So.2d 103, 108 & n. 2 (Fla. 1st DCA 1981).