**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD M. HICKMAN,
<u>Plaintiff-Appellant,</u>

v.                                                                    No. 95-1867

WASHINGTON GAS LIGHT COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-1270-A)

Argued: March 4, 1996

Decided: June 18, 1996

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert L. Bell, LAW OFFICES OF ROBERT L. BELL,
Washington, D.C., for Appellant. Karen B. Pancost, WASHINGTON
GAS LIGHT COMPANY, Washington, D.C., for Appellee. **ON
BRIEF:** Kevin J. Baldwin, L. Edward Funk, WASHINGTON GAS
LIGHT COMPANY, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Hickman filed this action under Title VII of the Civil Rights Act of 1964 against his employer, Washington Gas Light Company, for discriminating against him by reason of his race in denying him promotions to four specific positions which allegedly became open. At the close of Hickman's case, the district court granted Washington Gas Light Company's motion for judgment as a matter of law with respect to two of Hickman's claims for promotions, and the jury returned a verdict in favor of Washington Gas Light Company with respect to his remaining two claims for promotions. Hickman appeals the court's legal ruling granting judgment as a matter of law and its ruling excluding certain witnesses from testifying at trial. Our review of the record and our consideration of the parties' arguments convince us that the appeal is without merit, and we therefore affirm.

The district court properly entered judgment as a matter of law with respect to Hickman's claim that he was denied promotions to the positions of Supervisor, Trade Relations and Assistant, Advertising. Neither position ever became open to employees seeking a promotion; two white women were rotated into these positions as lateral transfers, without any pay raise, in order to broaden their experience within the company. Because the lateral transfer of an employee in accordance with company policy refutes the plaintiff's claim that there was an opening into which Hickman could have been promoted, plaintiff failed to establish a prima facie case. See Woodward v. Lehman, 717 F.2d 909, 917 (4th Cir. 1983); White v. C & P Tel. Co., 1989 WL 27452 (4th Cir. 1989) (unpublished) (per curiam).

Moreover, Hickman failed to offer any evidence of racial discrimination. It is a plaintiff's burden to prove that he"was not promoted <u>because of</u> [his] race, not that [he] was a member of the black race

2

and was not promoted." <u>Autry v. North Carolina Dept. of Human Resources</u>, 820 F.2d 1384, 1386 (4th Cir. 1987). The fact that an African-American was a third employee also transferred laterally when the two white employees were rotated belies the notion that Washington Gas Light Company's transfers were a pretext for racial discrimination. And the supervisor who approved the lateral transfer to the position of Assistant, Advertising, was African-American, a witness whom plaintiff did not call to testify at trial.

Hickman also contends that the jury did not have all of the evidence to consider because the district court excluded certain witnesses whom he wished to call. The district court ruled that Hickman could not call certain witnesses because he had not disclosed them when complying with discovery requests. Moreover, the district court noted that the witnesses whom Hickman wanted to call were intending to testify to their individual, unrelated EEOC complaints and court actions and that such testimony would have been irrelevant to the issue of whether Washington Gas Light Company failed to promote Hickman to four specific positions. In regulating discovery and trial, the district court has broad discretion. <u>See</u> Fed. R. Civ. P. 37(b)(2)(B). We cannot find that in this case the court abused its discretion.

The judgment of the district court is therefore

<u>AFFIRMED</u>.

3