Addie WILLIAMS, et al.

v.

**PRINCE GEORGES COUNTY HOSPITAL CENTER, et al.**

Civil Action No. CCB–94–3505.

United States District Court, D. Maryland.

April 19, 1996.

Memorandum Denying Reconsideration and Imposing Sanctions July 9, 1996.

Pamela L. Lyles, Washington, DC, for Plaintiff.

J. Michael McGuire, Shaw and Rosenthal, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

BLAKE, District Judge.

Now pending are the defendants' motion to amend answer and affirmative defenses; motion for summary judgment; motion for sanctions; and motion to strike plaintiffs' response. For the reasons that follow, these motions will be **Granted.**

The undisputed facts of this case are that the individual defendant, a doctor at Prince George's County Hospital Center, on October 21, 1993 made an inappropriate race-based comment directed at the two plaintiffs, both then Hospital employees. The Hospital immediately investigated the matter and issued a reprimand to the doctor, who apologized publicly for his remarks on November 8, 1993. There is no evidence that the doctor had ever before made any inappropriate racial comments to anyone at the Hospital.

The plaintiffs suffered no adverse employment action or economic damages, and, according to their deposition testimony, sought no medical or psychological treatment as a result of the remark.

Based on these facts, the plaintiffs, represented by attorney Pamela Lyles, filed a complaint in this court on December 19, 1994 alleging claims under Title VII, defamation, false light, and RICO conspiracy.[1]

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As stated by the Supreme Court, this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original).

■ Moreover, the Supreme Court has explained that the Rule 56(c) standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 56(a): "... there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 249–50, 106 S.Ct. at 2511; *White v. Rockingham Radiologists, Ltd.,* 820 F.2d 98, 101 (4th Cir.1987). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must

set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236, 240 (4th Cir.1988). Further, the court has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987), *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "[A] defendant ... should not be required to undergo the considerable expense of preparing for and participating in a trial" unless the plaintiff has produced "evidence on which a jury might rely" in support of the claims alleged. *E.F. Hutton Mortgage Corp. v. Equitable Bank, N.A.,* 678 F.Supp. 567, 573 (D.Md.1988).

■ As defendants' counsel pointed out to Ms. Lyles on several occasions in an effort to have the case voluntarily dismissed before motions had to be filed, the facts that can be shown by the plaintiffs fall far short of establishing a viable hostile environment claim under Title VII.[2] *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993). An isolated racial remark, even though offensive and entirely inappropriate, does not establish an abusive working environment. *See, e.g., Carter v. Ball,* 33 F.3d 450, 461 (4th Cir.1994); *Autry v. North Carolina Dep't of Human Resources,* 641 F.Supp. 1492, 1501 (W.D.N.C. 1986), *aff'd.* 820 F.2d 1384 (4th Cir.1987). Further, an employer with no prior notice of inappropriate behavior by an employee, who takes timely and adequate corrective action when such behavior is reported, will not be held liable under Title VII. *See Dennis v. County of Fairfax,* 55 F.3d 151, 155–56 (4th Cir.1995); *Carter,* 33 F.3d at 461.

■ The plaintiffs' other claims have even less merit than their racial harassment claim. The charge of defamation, premised solely on the doctor's remark and subsequent apology, is barred by Maryland's one year statute of limitations. Md.Cts. & Jud.Proc.Code Ann.

---

1. Their administrative charge of discrimination was found to be without merit by the Prince George's County Human Relations Commission.

2. There is no basis whatsoever for a disparate treatment claim.

§ 5–105.[3] The remark, if "defamatory" at all, was not actionable per se, and no monetary loss has been alleged or proved. *See Hearst Corp. v. Hughes,* 297 Md. 112, 118–26, 466 A.2d 486, 489–93 (1983); *Metromedia, Inc. v. Hillman,* 285 Md. 161, 164–65, 400 A.2d 1117, 1119–20 (1979). The apology was accurate, did not refer to the plaintiffs or repeat the remark, and therefore cannot be defamatory. *Hughes,* 297 Md. at 119, 466 A.2d at 489.

■ For the same reasons, and because there was no "public" disclosure of the remark, the plaintiffs' claim for false light invasion of privacy is without merit. *See Phillips v. Washington Magazine, Inc.,* 58 Md.App. 30, 36 n. 1, 472 A.2d 98, 101 n. 1, *cert. denied,* 300 Md. 89, 475 A.2d 1201 (1984); *Hollander v. Lubow,* 277 Md. 47, 57, 351 A.2d 421, 426, *cert. denied,* 426 U.S. 936, 96 S.Ct. 2651, 49 L.Ed.2d 388 (1976).

The facts alleged by the plaintiffs also fall far short of the extreme conduct required under Maryland law to establish intentional infliction of emotional distress. *See, e.g., Beye v. Bureau of Nat'l Affairs,* 59 Md.App. 642, 657–58, 477 A.2d 1197, 1205, *cert. denied,* 301 Md. 639, 484 A.2d 274 (1984); *Continental Casualty Co. v. Mirabile,* 52 Md.App. 387, 404, 449 A.2d 1176, 1187 (1982). Nor have the plaintiffs suffered any severe emotional distress. *See Hamilton v. Ford Motor Credit Co.,* 66 Md.App. 46, 60–61, 502 A.2d 1057, 1064–65 (1986).

■ Finally, the plaintiffs have entirely failed to establish a basis for a RICO conspiracy under 18 U.S.C. § 1962(d) as they have not identified any predicate acts under 18 U.S.C. § 1961(1) that were the subject of the alleged conspiracy. *See Fowler v. Burns Int'l Sec. Servs., Inc.,* 763 F.Supp. 862, 864 (N.D.Miss.1991), *aff'd.* 979 F.2d 1534 (5th Cir.1992); *Flinders v. Datasec Corp.,* 742 F.Supp. 929, 934 n. 7 (E.D.Va.1990).

Ms. Lyles filed without permission an untimely opposition to the defendants' motion for summary judgment. It is an abysmally inadequate response unsupported by any evidentiary material whatsoever which would not defeat summary judgment even if the court were inclined to consider an untimely filing. The defendants' motion to strike will be granted.

■ The defendants also have filed a motion for sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927, after first serving a copy on Ms. Lyles as required by Rule 11(c)(1)(A) and also having given her by letter ample notice and an opportunity to dismiss this case voluntarily. Ms. Lyles insisted on unnecessary depositions, failed to respond to written discovery requests, and failed to respond to the defendants' draft Rule 11 motion, requiring the defendants to expend attorneys fees and costs unnecessarily for discovery and the filing of motions. The sequence of events in this litigation and the statement of facts and law set forth above amply demonstrate that this case was brought and continued in violation of both Rule 11 and 28 U.S.C. § 1927: it was in bad faith for the purpose of harassment and needless cost, it was not warranted by existing law or a nonfrivolous argument for modification, reversal or establishment of new law, and some of the allegations lacked evidentiary support. *See Brubaker v. City of Richmond,* 943 F.2d 1363 (4th Cir.1991); *In re Kunstler,* 914 F.2d 505 (4th Cir.1990), *cert. denied,* 499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991).

In her "Response to Defendants' Motion for Sanctions,"[4] Ms. Lyles again misconstrues and fails entirely to respond to the substance of the defendants' motion. Upon receipt of appropriate documentation establishing the costs and fees incurred by the defendants, a monetary sanction sufficient to satisfy Rule 11 will be awarded against Ms. Lyles. *See Kunstler,* 914 F.2d at 522–525.

A separate Order follows.

### MEMORANDUM ON RECONSIDERATION

Various matters are now pending in this case and have been considered. My rulings follow.

---

**3.** The defendants' unopposed motion to amend to assert the statute of limitations as an affirmative defense will be **Granted.**

**4.** When Ms. Lyles failed to respond to the defendants' motions for summary judgment and sanc- tions, the court by letter order directed her to respond to the sanctions motion. *See* Local Rule 105.8.b.

The plaintiffs' motion for reconsideration will be **Denied** as untimely, inadequately supported by evidentiary materials, and ultimately without merit. The defendants' motion to strike will be **Denied** as moot.

The plaintiffs' objection to the defendants' statement of fees and costs also is totally inadequate. The defendants' statement setting forth a total of $26,481.75 in fees and $1,114.31 in costs is sufficiently detailed to allow the court to determine the reasonableness of the time spent and the amounts claimed. Reasonableness of fees, however, is only one of the four factors to be considered under Fourth Circuit precedent. The others are (2) the minimum sanction needed to deter the conduct, (3) the ability of Ms. Lyles to pay, and (4) the severity of the Rule 11 violation. *See Brubaker v. City of Richmond,* 943 F.2d 1363, 1374 (4th Cir.1991); *In re Kunstler,* 914 F.2d 505, 523 (4th Cir.1990).

The violation was severe, and costly to the defendants. Ms. Lyles' ability to pay is questionable, in light of her suspension from practice by the District of Columbia Bar Association in December 1995 and her reciprocal suspension from practice in the District of Maryland on March 8, 1996. She has submitted no affidavit regarding her financial circumstances, however. *See Brubaker,* 943 F.2d at 1387; *In re Kunstler,* 914 F.2d at 524 ("the burden is upon the parties being sanctioned to come forward with evidence of their financial status"). Considering the necessity of a sanction that will deter her unprofessional conduct, and in light of the other factors cited above, a sanction in the amount of $10,000 will be imposed. This should be sufficient to acknowledge the severity of the violation and to deter Ms. Lyles in the future, while also recognizing the likelihood that her ability to continue her occupation, and therefore her ability to pay a sanction, is probably limited.

A separate Order follows.

Date July 9, 1996.