**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

———————————

CONNIE GAIL PAULSBOE,

      Plaintiff-Appellant,

v.

FARNAM COMPANIES, INC.,

      Defendant-Appellee.

No. 97-7003
(D.C. No. 96-CV-223-S)
(E.D. Okla.)

———————————

ORDER AND JUDGMENT*

———————————

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Connie Gail Paulsboe appeals the district court's summary judgment in favor of defendant Farnam Companies, Inc. Because

———————————

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

plaintiff has not shown the existence of a genuine issue of material fact, and because defendants are entitled to judgment as a matter of law, we affirm.

Plaintiff was employed by defendant as a sales representative from November 1992 to December 1995. Defendant's organization was structured so that certain operating divisions, including plaintiff's, reported to Chief Operating Officer Andy Deer, and the remaining divisions reported to Chief Executive Officer Bill Johnson. Both Deer and Johnson reported directly to defendant's owner. In late 1995, defendant made several changes to its organization, including eliminating plaintiff's sales department. At the same time, a new Performance Horse Division was created in Bill Johnson's area of responsibility, requiring defendant to hire a national sales manager and four regional sales managers. Plaintiff applied for the position of regional sales manager for the South Central region, where she resided. The new national sales manager, upon CEO Bill Johnson's recommendation, hired Bobby Box for the position. Bill Johnson then offered plaintiff two of the other regional sales manager positions, both of which would have required her to relocate. Plaintiff declined these positions and was terminated in December 1995.

Plaintiff brought this gender discrimination action in May 1996, alleging that she was denied the South Central regional sales manager position based on her gender. The district court granted defendant summary judgment on the

ground that plaintiff failed to produce evidence that defendant's proffered reason for its decision was pretextual. The court also implied that even if the evidence showed gender discrimination, plaintiff had failed to mitigate her damages. This appeal followed.

We review a grant of summary judgment de novo, applying the same standards as those used by the district court. See Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

To survive summary judgment on her Title VII disparate treatment claim, plaintiff was required to produce evidence that she was subjected to intentional discrimination based on her gender. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). We evaluate plaintiff's evidence pursuant to the burden-shifting scheme first announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Burdine, 450 U.S. at 252-53.

Under this framework, plaintiff had the initial burden of showing a prima facie case of discrimination. She met this burden by showing that she is a

member of a protected class; that she applied for and was qualified for the regional manager position; that she was rejected despite her qualifications; and that the position was filled by a male applicant. See id. at 253 & n.6. The burden then shifted to defendant to show a legitimate, nondiscriminatory reason for its employment decision. See id. at 254. Defendant met this burden through evidence that it hired the male applicant because he was more qualified, and more importantly, because Johnson was giving first priority to those employees who already worked in his area of responsibility.

The burden then reverted to plaintiff to show that defendant's proffered reasons were not the true reasons for the employment decision. Plaintiff could meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. at 256. A showing of pretext, in itself, is all that is required to raise the inference of discriminatory intent, no additional showing of actual discriminatory animus is necessary. See Randle v. City of Aurora, 69 F.3d 441, 451-52 & n.17 (10th Cir. 1995) (rejecting pretext-plus standard).

Plaintiff's evidence does not show that defendant's primary reason for hiring Box--Johnson's allegiance to those who already worked for him--was pretextual. Although such preference may have contravened defendant's policy as

professed in its newsletter, there is no evidence the decision was not actually made on this basis, and strong evidence that it was. See id. at 454 & n.20 (holding employer's failure to follow internal procedures "does not necessarily suggest that the employer was motivated by illegal discriminatory intent or that the substantive reasons given . . . were pretextual," and noting that procedural irregularity disadvantaged all potential applicants, not just minority employee). Favoritism based on criteria other than gender does not violate Title VII, and does not raise an inference of discrimination. See Brandt v. Shop'n Save Warehouse Foods, Inc., 108 F.3d 935, 938-39 (8th Cir. 1997) (holding that although job may have been created and person hired based on friendship, rather than qualifications, this did not raise inference that decision motivated by gender discrimination); Autry v. North Carolina Dep't of Human Resources, 820 F.2d 1384, 1385 (4th Cir. 1987) (holding race discrimination case not made by showing that friendship or politics may have entered into promotion decision); Goostree v. Tennessee, 796 F.2d 854, 862 (6th Cir. 1986) (discussing lack of evidence of sex discrimination and distinguishing "between a hiring process that proceeds based on legally impermissible distinctions . . . and a patronage system that relies on family, friends, and political allies") (quotations omitted); Clement v. Madigan, 820 F. Supp. 1039, 1046-47 & n.10 (W.D. Mich. 1992) (holding evidence of nepotism does not raise inference of pretext or racial discrimination).

Further, plaintiff's belief that she was more qualified than Box does not establish pretext for several reasons. First, defendant does not seriously rely on Box's qualifications to support its decision, but on Johnson's allegiance to those who worked for him. The newly hired sales manager did attribute three superior qualifications to Box, however, which led him to believe Box was the more qualified applicant: his existing business relationships with major distributors, years of industry-related experience, and first hand-knowledge based on his family's involvement in the performance horse industry. Objectively, these are qualifications that plaintiff lacked. Even if plaintiff's company-wide seniority and familiarity with the products line rendered her equally as qualified, an employer does not violate Title VII by choosing among equally qualified candidates, so long as the decision is not based on unlawful criteria. See Burdine, 450 U.S. at 259. Absent evidence that one candidate is "overwhelmingly better qualified," pretext cannot be shown simply by comparing plaintiff's qualifications with those of the successful applicant. Sanchez v. Philip Morris Inc., 992 F.2d 244, 247-48 (10th Cir. 1993); see also Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988) ("As courts are not free to second-guess an employer's business judgment, this assertion [that plaintiff was equally or more qualified] is insufficient to support a finding of pretext.").

Lastly, the comments attributed to Johnson regarding plaintiff's marketing style do not raise an inference of discriminatory motive sufficient to survive summary judgment. Although Johnson characterized drinking and socializing with clients in the evenings as being "one of the guys," his comments make it clear that he believed her capable of adopting this marketing style regardless of her gender. See Appellant's App. at 182-83. Johnson's comments reflected concern about her unwillingness to engage in such conduct rather than a belief that her gender prevented her from doing so. Whether or not it makes good business sense to judge a sales representative's qualifications based on her willingness to socialize with customers, it does not violate Title VII to consider such a factor. As plaintiff did not meet her burden of showing pretext, the district court correctly granted summary judgment, and we need not address the mitigation of damages issue.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-7-