**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RUBY G. FLATEAU,
                    *Plaintiff-Appellant,*

v.

SOUTH CAROLINACOMMISSION FOR
THE BLIND; JOSEPH RAY, in his
individual and official capacities,
                    *Defendants-Appellees.*

No. 02-1308

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-00-868-3-19-BD)

Submitted: October 23, 2002

Decided: November 19, 2002

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Laura P. Valtorta, Columbia, South Carolina, for Appellant. Vance J. Bettis, GIGNILLIAT, SAVITZ & BETTIS, L.L.P., Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ruby G. Flateau appeals the district court's order awarding summary judgment to Appellees, South Carolina Commission for the Blind ("SCCB"), and Joseph Ray, on Flateau's claims of gender discrimination and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 (2000). Flateau claims that the district court's grant of summary judgment was improper because she produced sufficient evidence of her prima facie case as to both claims. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

Flateau first claims that the district court erred in its conclusion that she failed to establish her prima facie case of gender discrimination. To establish her claim, Flateau was required to demonstrate that she was denied a pay increase because of her gender. *See Autry v. North Carolina Dep't of Human Resources*, 820 F.2d 1384, 1386 (4th Cir. 1987). The record discloses that Flateau was denied a pay increase by the interim commissioner of SCCB, Michael Thompson, who evaluated the request in accord with state procedures regarding assumption of additional duties. Furthermore, the record also discloses that, during the same time frame, a male employee at SCCB was denied a pay increase for assumption of additional duties, and a female employee was granted a pay increase for additional duties. This contradicts Flateau's assertion of gender bias within the organization.

Flateau also points to Joseph Ray and Clinton Grier as two male employees who received supplemental salary increases for assumption of additional responsibilities. However, there is no indication that Thompson had anything to do with the salary increases. First, the record discloses that the board of directors for SCCB, not Thompson, approved Ray's salary increase. Second, Grier's salary increase was approved initially by a preceding SCCB commissioner; Thompson's

involvement was limited to approving a continuation of the salary on the basis that Grier was going to continue in the position for the indefinite future. These facts fail to establish an inference of unlawful discrimination. *See Radue v. Kimberly Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000) (holding that plaintiff must demonstrate that the same supervisor was involved in comparable situations to demonstrate disparate treatment of similarly situated employees); *Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 910 (8th Cir. 1999) (same).

Flateau next claims that she suffered retaliation as a result of filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Specifically, she claims that a letter of reprimand written by Ray has interfered with her ability to receive promotions and pursue other state employment opportunities. It is well established that not every action taken by an employer adverse to the aggrieved party amounts to an adverse employment action within the scope of Title VII. *See Von Gunten v. Maryland*, 243 F.3d 858, 866-67 (4th Cir. 2001); *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981) (en banc). In *Von Gunten*, under similar circumstances, we recognized that "a retaliatory downgrade of a performance evaluation *could* effect a term, condition, or benefit of employment," but held that when "downgrade" was not used "as a basis to detrimentally alter the terms and conditions of the recipient's employment" it did not constitute an "adverse employment action." 243 F.3d at 867. Flateau conceded at deposition that she had been seeking employment without success for some sixteen months prior to the reprimand, and further, that following the reprimand, she had received several interviews. Thus, Flateau's reprimand like Von Guten's "downgrade" does not constitute "an adverse employment action."

Because we find that Flateau failed to establish a prima facie case of either gender discrimination or retaliation, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*