982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elsancho Eugene JACKSON, Plaintiff-Appellant,
v.
The BOEING COMPANY, a Delaware Corporation; Rex Hessee,
Defendants-Appellees.
 No. 92-3102.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Elsancho Eugene Jackson worked as a sheet metal assembler for the Boeing Company (Boeing) from March 1987, until he was discharged in May 1989. Jackson brought suit against defendants, Boeing and Rex Hessee, asserting claims under Title VII, 42 U.S.C. §§ 2000e-1 to -17, and 42 U.S.C. §§ 1981, 1985(3) and 1986. Jackson also asserted several state law claims. The district court entered summary judgment in favor of defendants on all claims. The only issues on appeal are whether the district court erred (1) in granting summary judgment on Jackson's claim that he was discharged on the basis of his race in violation of Title VII, and (2) in granting summary judgment on Jackson's claim that defendants refused to rehire him because of his race in violation of § 1981. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 Our review of summary judgment is de novo. We apply the same legal standard used by the district court, namely Rule 56(c) of the Federal Rules of Civil Procedure. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3303 (U.S. Sept. 29, 1992) (No. 92-581). Under Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." We view the evidence in the light most favorable to the party opposing summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 3
 The district court found Jackson could not prevail on his discriminatory discharge claim because he showed no evidence that Boeing's stated reason for firing him was merely a pretext for discrimination. Defendants claimed they discharged Jackson for excessive absenteeism. Jackson makes no attempt to show that Boeing applied its attendance policy in a discriminatory fashion. Instead, as evidence of pretext, he points to instances of allegedly racial harassment by his supervisor, Rex Hessee. However, in support of their motion for summary judgment, defendants produced overwhelming evidence to support their claim that Jackson was discharged for excessive absenteeism. We find that Jackson has not produced sufficient evidence to create a genuine issue of fact over whether defendants' proffered reason for his discharge was "in fact a coverup for a racially discriminatory decision." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805 (1973). Therefore, we affirm summary judgment on Jackson's Title VII claim of discriminatory discharge.
 
 
 4
 Jackson also argues the district court erred in entering summary judgment on his § 1981 claim. He alleges that Boeing refused to rehire him because of his race. The district court found that "failure to rehire an employee in the same position from which he was vacated does not violate § 1981 where a new and distinct employment relation is not created." Jackson v. Boeing Co., No. 90-1448-K, slip op. at 14 (D.Kan. Feb. 10, 1992). The district court concluded that § 1981 did not apply in this case because Jackson reapplied for the same position from which he had been terminated. On appeal, Jackson argues that even if he reapplied to the same position, his claim is actionable under the amendments to § 1981, enacted in the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071-1100 (enacted on Nov. 21, 1991). Jackson failed to advance this argument to the district court, even though Congress passed the Civil Rights Act of 1991 before Jackson submitted his brief in opposition to summary judgment. We, therefore, will not address this argument on appeal. Jackson argues in the alternative that the district court erred in concluding that he reapplied for the same position. Although Jackson's affidavit indicates that he intended to apply for a new position with Boeing, Jackson has not designated any evidence which would show that a new position was available. See Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989) (to establish prima facie case, petitioner must show "she applied for ... an available position"). As the district court recognized, "the evidence shows that Boeing did not hire any new employees in its sheet metal department after plaintiff's discharge, although it did recall certain employees previously laid off." Jackson, slip op. at 15. We, therefore, affirm summary judgment on the § 1981 claim on the grounds that Banks "provides no factual support for his claim." Id.
 
 
 5
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3