**Olivia J. HOUSLEY, Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

**No. 00–2429–JWL.**

United States District Court, D. Kansas.

Dec. 3, 2001.

James L. Wisler, Neil A. Dean, Schroer, Rice, P.A., Topeka, KS, for plaintiff.

Jay F. Fowler, Douglas L. Stanley, Todd N. Tedesco, Brenda S. Clausen, Foulston & Siefkin L.L.P., Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Olivia J. Housley filed suit against defendant, her current employer,

alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and retaliation in violation of both Title VII and the ADEA.[1]

This matter is presently before the court on defendant's motion for summary judgment (doc. # 74) and defendant's motion to determine Wichita as place of trial (doc. # 71). As set forth in more detail below, defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed in its entirety. Defendant's motion to determine Wichita as place of trial is moot.

## I. Facts

The following facts are either uncontroverted or related in the light most favorable to plaintiff, the nonmoving party. Plaintiff began her employment with defendant in 1979. Since 1988, when she received her bachelor's degree, plaintiff has held a variety of non-management positions and has received three promotions as well as regular salary increases. In 1996, plaintiff was "loaned" to the DCAC/MRM[2] organization, an organization that was created in 1995 because defendant was planning a division-wide implementation of new computing systems and processes used to schedule airplane production. At the time the organization was established, it was thought that the DCAC/MRM project would last six months to one year. The project, however, continues to this day

and plaintiff still works in that organization. Beginning in 1997, plaintiff made attempts to move into management. Each of her attempts to do so has failed.

In March 1996, defendant implemented a First Level Management Selection Process (FLMSP) that was used in the selection of first-level managers. To promote an individual to a first-level manager position, the hiring organization was required to use the procedures of the FLMSP. Once a particular organization determined that it needed to fill an open first-level management position, the organization submitted a requisition. The position was then advertised in defendant's weekly company newspaper for two consecutive weeks and was also advertised on the company's intranet site. The FLMSP assessment center then conducted orientation sessions regarding any open positions. The FLMSP assessment center conducted structured interviews of interested and eligible candidates. The assessment center was also charged with assessing, through the use of a variety of written tests and other exercises, the knowledge, skills and abilities of each interested and eligible candidate for a particular position. The assessment center ultimately generated one overall score for each candidate based on the candidate's test results, responses to the structured interview, and the candidate's Experience Record. An Experience Record is a multi-paged document completed by the candidate in which the candidate described his or her relevant work experiences and abilities.

---

1. While plaintiff's complaint initially included claims under the Kansas Act Against Discrimination (KAAD), K.S.A. § 44–1001 et seq., plaintiff concedes that her KAAD claims must be dismissed as she has failed to exhaust her administrative remedies with respect to these claims.

2. DCAC is an acronym for "define/control airplane configuration," where "define" relates

to the engineering design of an airplane and "control" relates to the production or actual assembly of the airplane. MRM is an acronym for "material requirements management." The phrase relates to the systems used to manage the various materials (such as parts and tools) used in the production of airplanes.

*Requisition H76681*

On July 24, 1998, plaintiff applied for the Supervisor–Production Control position advertised in Requisition H76681. She was forty-nine years old at the time she applied for the position. David Chadd was the hiring manager for the position. Including plaintiff, there were 14 eligible candidates for the job. Prior to the time the job opening was posted, Mr. Chadd had selected Norbert Riley to act as the temporary supervisor because he believed that Mr. Riley was the most qualified employee in the area. In other words, at the time the position was actually posted, Mr. Riley already had been performing the functions of the position. Ultimately, Mr. Chadd selected Mr. Riley for Requisition H76681. Prior to choosing Mr. Riley, Mr. Chadd did not conduct interviews or even investigate the qualifications of any of the other 13 candidates. In fact, he did not even consider the other candidates. He simply chose Mr. Riley based on his confidence in Mr. Riley's abilities and because he had performed well in his temporary assignment to the position.

*Requisition H77708*

On August 21, 1998, plaintiff applied for the position of Manager Procurement/ Buying that was advertised in Requisition H77708. Layna Trimmell was the hiring manager for the position and, including plaintiff, there were 10 eligible candidates for the job. According to Ms. Trimmell, when she received the packet of materials from the FLMSP assessment center regarding Requisition H77708, she reviewed the candidates' scores and resumes and decided which ones to interview. Ms. Trimmell testified that her decisions with respect to which candidates to interview were based on the candidates' scores, education, procurement experience and her knowledge from working with some of the candidates. Ms. Trimmell decided not to interview plaintiff.

After she completed her interviews, Ms. Trimmell discussed the interviewees with her manager, Jim Urso, and Mr. Urso's manager, Jerry Johnson. Mssrs. Urso and Johnson then made the final decision to select Kenne Westerfield for the position. Mr. Westerfield had more than 10 years of experience as a buyer for defendant. Plaintiff has never worked in procurement and has had only "training" as a buyer. Mr. Westerfield is four and one-half years younger than forty-nine-year-old plaintiff.

*Requisition H80111*

On November 2, 1998, plaintiff applied for the position of Manager, Inventory Management that was advertised in Requisition H80111. Jerry Williams was the hiring manager for the position. There were 14 eligible candidates for the job, including plaintiff. Mr. Williams selected Farley Snell, who is just four years younger than plaintiff, for the position. According to Mr. Williams, he easily concluded that Mr. Snell was the most qualified person for the job in light of the fact that Mr. Snell had been successfully performing the functions of the position for nearly one year.

In fact, Mr. Williams had known Mr. Snell for more than 20 years and was responsible for bringing Mr. Snell back to defendant in 1997 after a 10–year absence to work on the company's problems with inventory record accuracy. Mr. Snell had previous management and inventory control experience. After Mr. Snell had been working on the project for one year, Mr. Williams decided to add subordinates to the project, a decision which essentially created the first-level manager position described in Requisition H80111. According to Mr. Williams, he already had Mr. Snell in mind for the job when he drafted the first-level manager job description.

*Pattern and Practice Allegations*

Plaintiff admits that she is not aware of any age- or gender-based statements made by any of the decisionmakers. She further acknowledges that no one has ever suggested to her that she did not get the positions she sought because of her age or her gender. Moreover, plaintiff does not assert that the FLMSP procedure, in itself, is discriminatory in any way. Nonetheless, plaintiff testified that she believes each promotion decision was based on her age and/or her gender. In support of her assertion, plaintiff relies only on certain statistical information concerning defendant's workforce which she claims demonstrates a pattern and practice of promoting young males. It is undisputed, for example, that defendant employed 914 first-level supervisors in June 1999 and only 130 of those supervisors (14.2 percent) were female. It is further undisputed that in June 1999, 71 percent of the 914 supervisors were 40 years old or older and only 22.1 percent of the 914 supervisors were 50 years old or older. Plaintiff offers no evidence, however, concerning how many individuals, of what age and sex, applied for a first-level supervisory position during the relevant time period.

*Retaliation*

Plaintiff filed a charge of discrimination in June 1999 alleging gender and age discrimination in connection with her efforts to obtain a promotion. She filed this suit in September 2000. Plaintiff claims that since she filed her suit, defendant has retaliated against her. Her primary complaint in that regard is that she has been unable to move from her current position in DCAC to another position within defendant's framework. Plaintiff also alleges that other members of her team do not "share information" with her and that she is "not included" in the group.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *see Adler,* 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest

upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

## III. Discrimination Claims

Plaintiff asserts that defendant discriminated against her on the basis of her age and/or gender in connection with several promotion decisions. The basic allocation of burdens for plaintiff's claims is set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Munoz v. St. Mary–Corwin Hosp.*, 221 F.3d 1160, 1165–66 (10th Cir. 2000); *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1315 (10th Cir.1999). Under the *McDonnell Douglas* framework, plaintiff has the initial burden of establishing a prima facie case of discrimination. *English v. Colorado Dep't of Corrections*, 248 F.3d 1002, 1008 (10th Cir.2001) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). If she establishes a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). If defendant offers a legitimate, nondiscriminatory reason for its actions, the burden reverts to plaintiff to show defendant's proffered reason was a pretext for discrim-

ination. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817).

■ As an initial matter, defendant contends that plaintiff cannot establish a prima facie case of age discrimination with respect to Requisition H77708 and Requisition H80111 because the successful candidates for those positions were "insignificantly younger" than plaintiff. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (an inference of age discrimination "cannot be drawn from the replacement of one worker with another worker insignificantly younger"). In fact, Kenne Westerfield, is only four and one-half years younger than plaintiff and Farley Snell is less than four years younger than plaintiff. Plaintiff has not addressed this specific argument in her papers and simply makes the bald assertion that Mr. Westerfield and Mr. Snell were "substantially" younger than plaintiff. In any event, the court agrees with defendant that because the successful candidates for Requisitions H77708 and H80111 were just four years plaintiff's junior-an obviously insignificant difference-the necessary inference of discrimination is precluded, and she failed to establish her prima facie case. Moreover, there is simply no evidence in the record that any of the relevant decisionmakers considered plaintiff's age significant in any respect or that they even knew plaintiff's age. *See Munoz*, 221 F.3d at 1166 (plaintiff failed to establish prima facie case of age discrimination where plaintiff's replacement was only two years his junior); *see also Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 892–93 (7th Cir.1997) (six- and seven-year age difference presumptively insubstantial in the absence of evidence that the decisionmaker considered it significant) (and collecting cases). Summary judgment, then, is granted on plaintiff's claims of age

discrimination with respect to Requisition H77708 and Requisition H80111.[3]

As defendant does not dispute any other aspects of plaintiff's prima facie burden, the burden shifts to defendant to produce evidence of a legitimate nondiscriminatory reason for its promotion decisions. According to defendant's evidence, the successful candidate for each promotion decision was simply more qualified for the position than plaintiff. Defendant has satisfied its "exceedingly light" burden to provide a nondiscriminatory reason for its actions. *See Anaeme v. Diagnostek, Inc.,* 164 F.3d 1275, 1279 (10th Cir.1999).

■ To establish pretext, then, plaintiff must show either that defendant's promotion decisions were more likely motivated by plaintiff's gender and/or age or that defendant's proffered explanations for its decisions are unworthy of credence. *See Munoz v. St. Mary–Corwin Hosp.,* 221 F.3d 1160, 1167 (10th Cir.2000). Pretext "can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Id.* (quoting *Hardy v. S.F. Phosphates Ltd.,* 185 F.3d 1076, 1080 (10th Cir.1999)). As set forth below, plaintiff has failed to come forward with evidence from which a reasonable jury could conclude that defendant's proffered reasons for its promotion decisions are pretextual.

Summary judgment, then, is warranted on each of plaintiff's claims.

*Requisition H76681*

In support of its motion for summary judgment, defendant contends that plaintiff's discrimination claims fail as a matter of law with respect to Requisition H76681 because plaintiff has no evidence that her gender or age motivated Mr. Chadd's decision and no evidence that the reasons proffered by Mr. Chadd for his promotion decision are pretextual. According to plaintiff, a reasonable jury could conclude that Mr. Chadd's decision was discriminatory and that Mr. Chadd's proffered reason for his decision is pretextual because Mr. Chadd did not even consider plaintiff (or any other candidate) and based his decision solely on Mr. Riley's resume, work history, experience and Mr. Riley's performance in the position as a temporary supervisor. Plaintiff also suggests that the fact that Mr. Chadd initially placed Mr. Riley in the temporary position and then based his ultimate promotion decision on the fact that Mr. Riley was the acting supervisor somehow suggests pretext or discrimination.[4]

■ Plaintiff's arguments fail to cast any doubt on defendant's legitimate nondiscriminatory reason for selecting Mr. Riley for the position. In fact, plaintiff essentially concedes that the decision was based solely on Mr. Riley's qualifications. She has not shown (or even alleged) that Mr. Riley was not especially qualified for

---

**3.** While the court concludes that summary judgment is appropriate on plaintiff's age discrimination claims with respect to Requisitions H77708 and H80111 on the grounds that plaintiff has failed to establish a prima facie case, the court's subsequent discussion of pretext in relation to plaintiff's Title VII claims is applicable to her ADEA claims as well. Therefore, summary judgment would be appropriate in favor of defendant here even if plaintiff had established a prima facie case.

**4.** Plaintiff also points out that she was the oldest candidate for the position. It is undisputed, however, that Mr. Chadd did not know plaintiff and did not have any knowledge of plaintiff's age at the time he made the promotion decision.

the position or that she was more qualified than Mr. Riley such that an inference of discrimination might be drawn. *See Martinez v. Wyoming Dep't of Family Servs.*, 218 F.3d 1133, 1139 (10th Cir.2000) ("When an employer contends that a [Title VII] plaintiff was not as qualified as the successful candidates, pretext can be inferred from evidence that a plaintiff was in fact more qualified than those chosen.") (citing *Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1457 (10th Cir.1994)); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 839 (10th Cir.1994) ("[P]roof that [plaintiff] was more qualified would disprove [the employer's] only explanation for its actions, that [plaintiff] was less qualified than the successful candidates."). Similarly, she has not shown (or alleged) that Mr. Chadd's initial decision to place Mr. Riley in the temporary supervisor position was in any way discriminatory.

█ Liberally construed, plaintiff's evidence demonstrates, at the very most, that Mr. Riley may have been the beneficiary of favoritism based on his personal acquaintance or good working relationship with Mr. Chadd. Favoritism based on criteria other than gender or age, however, does not violate the federal anti-discrimination laws and does not raise an inference of discrimination. *See Paulsboe v. Farnam Cos., Inc.*, No. 97–7003, 1997 WL 431414, at *2 (10th Cir. Aug.1, 1997) (citing *Brandt v. Shop 'n Save Warehouse Foods, Inc.*, 108 F.3d 935, 938–39 (8th Cir.1997) (holding that although job may have been created and person hired based on friendship, rather than qualifications, this did not raise inference that decision motivated by gender discrimination); *Autry v. North Carolina Dep't of Human Resources*, 820 F.2d 1384, 1385 (4th Cir.1987) (holding race discrimination case not made by showing that friendship or politics may have entered into promotion decision)).

For the foregoing reasons, plaintiff has failed to raise any issue of fact with respect to whether defendant's proffered reasons for selecting Mr. Riley are pretextual. Summary judgment is granted on plaintiff's claims of gender and age discrimination with respect to Requisition H76681.

*Requisition H77708*

Defendant moves for summary judgment on plaintiff's claim of gender discrimination with respect to Requisition H77708 on the grounds that plaintiff has failed to set forth any evidence suggesting that defendant's decision to promote Mr. Westerfield (or, stated another way, defendant's failure to promote plaintiff) was based on plaintiff's gender. In her papers, plaintiff contends that defendant's proffered reasons for the promotion decision are pretextual in that Mssrs. Urso and Johnson have a "history of discriminating against women" and Ms. Trimmell was not allowed to make the final promotion decision.

█ Plaintiff's evidence, even when taken in the light most favorable to plaintiff, is insufficient for a reasonable jury to conclude that defendant's proffered reason for failing to promote plaintiff is "unworthy of belief." Significantly, it is undisputed that Ms. Trimmell, not Mssrs. Urso and Johnson, made the decision not to interview plaintiff for the position and plaintiff does not allege that Ms. Trimmell discriminated against her in any way. While plaintiff suggests that Mssrs. Urso and Johnson could have elected to interview plaintiff (despite the fact that Ms. Trimmell chose not to do so) because Mssrs. Urso and Johnson had the same application materials available to them as Ms. Trimmell had available to her, she fails to articulate any reason why she should have been interviewed for the position. It is undisputed, for example, that plaintiff had absolutely no experience in procurement while Mr.

Westerfield had more than 10 years of experience as a buyer for defendant. Stated another way, plaintiff simply has not alleged, much less demonstrated, that she was more qualified for the position than the successful candidate. Similarly, plaintiff fails to demonstrate that she would have been selected for the position even assuming Mssrs. Urso and Johnson had decided to interview her. Perhaps most significant, however, is that plaintiff has no evidence that Mssrs. Urso and Johnson, based on plaintiff's gender, "reaffirmed" Ms. Trimmell's decision not to interview plaintiff.

Plaintiff's statement that Mssrs. Urso and Johnson have a "history of discriminating against women" is totally unsupported by any competent evidence. Plaintiff's statement is based only on Ms. Trimmell's deposition testimony that at some point during her employment with defendant she made a verbal complaint to defendant's EEO department based on her "belief" that Mssrs. Urso and Johnson "have discriminated against women over several years." The problem with this evidence, however, is that Ms. Trimmell's testimony is simply too vague and conclusory to support plaintiff's claim. Plaintiff points to no facts explaining how Ms. Trimmell concluded that Mssrs. Urso and Johnson have discriminated against women and there is no basis provided for Mr. Trimmell's opinion that Mssrs. Urso and Johnson have done so. There is no evidence, for example, that Ms. Trimmell overheard Mssrs. Urso and Johnson express reluctance to promote women or make any gender-based comments about women. In short, nothing in the record indicates the basis for Ms. Trimmell's statement about Mssrs. Urso and Johnson. As plaintiff has failed to support Ms. Trimmell's vague allegation with the requisite evidentiary detail, Ms. Trimmell's allegation is insufficient to defeat defendant's motion for summary

judgment. *See Hooks v. Diamond Crystal Specialty Foods, Inc.,* 997 F.2d 793, 800 (10th Cir.1993) ("In order to defeat summary judgment, the nonmoving party must do more than assert conclusory allegations;" plaintiff must allege "concrete facts"); *Woodward v. City of Worland,* 977 F.2d 1392, 1398 (10th Cir.1992) (affirming summary judgment for defendant in section 1983 action where plaintiff was "unable to respond to the ... motion for summary judgment with evidence of specific acts of sexual harassment;" "generalized allegations of continuing sexual harassment" were too "vague, non-time-specific and conclusory" to support claim).

■ Finally, the court rejects plaintiff's suggestion that an inference of discrimination can be drawn from defendant's failure to follow its regular promotion procedure (*i.e.,* by not allowing Ms. Trimmell to make the final hiring decision). Title VII does not afford plaintiff a flawless or even a fair interview process-it simply precludes defendant from making an adverse promotion decision based, even in part, on plaintiff's gender. Thus, even assuming defendant may have deviated from its standard interview and hiring procedures by not allowing Ms. Trimmell to make the final hiring decision, this evidence, standing alone, does not permit an inference that plaintiff's gender was a motivating factor in the promotion decision. Such evidence "goes only to process and not to purpose or motivation," and could not provide a sufficient basis for a jury to find pretext for discrimination. *See Ingels v. Thiokol Corp.,* 42 F.3d 616, 623 (10th Cir. 1994); *accord Randle v. City of Aurora,* 69 F.3d 441, 454 (10th Cir.1995) ("The mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the employer was motivated by illegal discriminatory intent or that the substantive reasons given by the

employer for its employment decision were pretextual.").

Moreover, while the The Tenth Circuit has certainly recognized that a showing of disturbing procedural irregularities or deviation from internal policies may, in certain circumstances, be sufficient to give rise to an inference of intentional discrimination, *see, e.g., Kendrick v. Penske Transp. Servs., Inc.,* 220 F.3d 1220, 1230 (10th Cir.2000) (plaintiff may make a showing of pretext with evidence, *inter alia,* that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances or with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff); *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1328 (10th Cir.1999) (evidence of pretext may include "disturbing procedural irregularities" such as manipulating hiring criteria), the Circuit has recognized this principle only in cases where the defendant's deviation from a policy or procedure has the purpose and/or effect of disqualifying or "screening out" the person in the protected class from a particular position in favor of a person outside the protected class. *See, e.g., Mohammed v. Callaway,* 698 F.2d 395, 400–01 (10th Cir.1983) (finding that departure from employment criteria set out in job announcement so as to disadvantage minority employee seeking promotion was probative of discrimination). Here, even assuming that defendant failed to follow its FLMSP procedures by not allowing Ms. Trimmell to make the final hiring decision, there is no evidence that defendant's failure in that regard had the purpose or effect of screening out plaintiff. It was, in fact, Ms. Trimmell who made the decision not to interview plaintiff. Thus, by the time Ms. Trimmell relinquished her decisionmaking responsi-

bilities to Mssrs. Urso and Johnson, she had already screened out plaintiff. In short, no reasonable jury could infer intentional discrimination against plaintiff from any deviation from the FLMSP procedure.

For the reasons set forth above, plaintiff's evidence is insufficient to permit a reasonable jury to conclude that gender played a part in defendant's promotion decision. Defendant's motion for summary judgment is granted on this claim.

*Requisition H80111*

Defendant also maintains that summary judgment is appropriate on plaintiff's gender discrimination claim with respect to Requisition H80111 because plaintiff has simply failed to cast doubt on the legitimate, nondiscriminatory reasons advanced by Mr. Williams concerning his decision to promote Mr. Snell and his failure to promote plaintiff. In response, plaintiff asserts that pretext is evident in that Mr. Williams had known Mr. Snell for twenty years, was responsible for hiring Mr. Snell back to defendant after a ten-year absence, and had assigned Mr. Snell to the initial inventory control position before the management position was created. Plaintiff also testified that, in her opinion, she was more qualified for the position than Mr. Snell in that she did not have a "ten-year hiatus from Boeing" and she "would be able to manage much more effectively than [Mr. Snell] would in that position."

■ Plaintiff's arguments fail to raise a factual dispute for trial. As it is well settled in the Tenth Circuit that a plaintiff's "own opinions about [her] . . . qualifications [do not] give rise to a material factual dispute," *see Simms,* 165 F.3d at 1329 (quoting *Rabinovitz v. Pena,* 89 F.3d 482, 487 (7th Cir.1996)); *see also Shorter v. ICG Holdings, Inc.,* 188 F.3d 1204, 1209 (10th Cir.1999) (noting that it is the manager's perception of the employee's performance, and not the employee's subjective

evaluation of her performance, that is relevant in determining pretext), plaintiff has offered no competent evidence that she was more qualified than Mr. Snell or that Mr. Snell was not particularly qualified for the position such that a reasonable jury might infer discrimination. Moreover, she has not shown (or alleged) that Mr. Williams' decision to hire Mr. Snell for the initial inventory control project was discriminatory.

Like plaintiff's evidence with respect to Requisition H76681, her evidence with respect to Requisition H80111, at the very most, shows that Mr. Williams' decision to select Mr. Snell for the position was based on a long-standing professional relationship and/or friendship between the two men. As explained above, however, while Mr. Snell may have had an advantage over other candidates because of his relationship with Mr. Williams, that advantage simply does not raise an inference of discrimination. *See supra* p. 1223–24.

In sum, no reasonable jury could conclude based on the record before the court that defendant's promotion decision with respect to Requisition H80111 was motivated, even in part, by plaintiff's gender. Summary judgment is granted on plaintiff's claim of gender discrimination with respect to Requisition H80111.

*Other Promotions*[5]

■ Plaintiff also alleges that she was denied a promotion given to Russ Maddux in 1987 and was denied a promotion given to Rick Littlejohn in 1990. Plaintiff asserts that she was more qualified than both Mr. Maddux and Mr. Littlejohn in that she had to train both individuals for their new positions. As plaintiff has set forth no additional evidence concerning these promotion decisions, summary judgment is granted in favor of defendant. *See Simms,* 165 F.3d at 1329 (plaintiff's "own opinions about [her] . . . qualifications [do not] give rise to a material factual dispute") (quoting *Rabinovitz,* 89 F.3d at 487); *accord Shorter,* 188 F.3d at 1209 (noting that it is the manager's perception of the employee's performance, and not the employee's subjective evaluation of her performance, that is relevant in determining pretext).[6]

*Pattern and Practice Allegations*

Finally, plaintiff alleges that defendant has engaged in a pattern and practice of discriminating against her and other older females in connection with promotion decisions. In support of this allegation, however, plaintiff relies only on certain statistical information concerning defendant's workforce. It is undisputed, for example,

---

**5.** In addition to the promotions discussed in this opinion, plaintiff set forth in the pretrial order a handful of other promotions (*e.g.,* H07970; H75915; H78843) that she was allegedly denied based on her age and/or gender. Although defendant moved for summary judgment on each of these additional promotion decisions, plaintiff failed to address defendant's arguments with respect to these promotions in her papers and, in fact, failed to even mention these promotions at all. The court, then, deems plaintiff to have abandoned these claims.

**6.** The court would nonetheless grant summary judgment in favor of defendant with respect to these particular promotion decisions for two other reasons. First, plaintiff failed to exhaust her administrative remedies with respect to these promotion decisions as those decisions were never the subject of any charge of discrimination filed by plaintiff and plaintiff makes no argument that the claims are reasonably related to the allegations set forth in her charge of discrimination. Second, even assuming these promotion decisions were reasonably related to the allegations in her charge, the claims would nonetheless be time-barred as they occurred more than 300 days prior to the filing of plaintiff's charge of discrimination and plaintiff has failed to demonstrate the applicability of the continuing violation doctrine.

that defendant employed 914 first-level supervisors in June 1999 and only 130 of those supervisors (14.2 percent) were female. It is further undisputed that in June 1999, 71 percent of the 914 supervisors were 40 years old or older and only 22.1 percent of the 914 supervisors were 50 years old or older. While statistical data may create an inference of discrimination, such data may be "so flawed as to render it insufficient to raise a jury question." *Doan v. Seagate Technology, Inc.*, 82 F.3d 974, 979 (10th Cir.1996) (citing *Fallis v. Kerr–McGee Corp.*, 944 F.2d 743, 746 (10th Cir.1991)). Moreover, statistics taken in isolation are generally not probative of discrimination. *Id.* (quoting *Jones v. Unisys Corp.*, 54 F.3d 624, 632 (10th Cir. 1995)).

■ Here, plaintiff's statistical evidence is flawed for several reasons. Significantly, plaintiff offers no evidence concerning how many individuals, of what age and sex, applied for a first-level supervisory position during the relevant time period. Without knowing whether any individuals in plaintiff's protected categories applied for a first-level supervisory position during the relevant period (and, if so, how many), the court is unable to draw an inference of discrimination from plaintiff's evidence. Moreover, the evidence set forth by plaintiff is insufficient to permit the court or a jury to compare the qualifications and experience of those individuals outside the protected categories who were hired with the qualifications and experience of those individuals within the protected category who were not hired. *See Doan*, 82 F.3d at 979 ("Statistical evidence which fails to properly take into account nondiscriminatory explanations does not permit an inference of pretext.") (citing *Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1456 (10th Cir.1994)).

In other words, in order for plaintiff's evidence to have probative significance, it would have to demonstrate that any female individuals over the age of 40 who were not hired had qualifications and experience comparable to the male individuals under the age of 40 who were hired and that the individuals were similarly situated in any other relevant aspects. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 532–33 (10th Cir.1994); *Fallis*, 944 F.2d at 746–47. In light of its significant flaws, plaintiff's evidence simply does not permit an inference of discrimination.

## IV. Retaliation

■ Plaintiff also contends that defendant retaliated against her after she filed her lawsuit in September 2000. As plaintiff concedes that she has no direct evidence of retaliatory motive, the court analyzes plaintiff's retaliation claim under the familiar burden-shifting framework first pronounced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See McGarry v. Board of County Commr's*, 175 F.3d 1193, 1201 (10th Cir.1999). To establish a prima facie case of retaliation, plaintiff must demonstrate that (1) she engaged in protected activity; (2) she suffered an adverse employment action subsequent to or contemporaneous with her protected activity; and (3) a causal connection exists between the protected activity and the adverse action. *See O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001) (citations omitted). Once plaintiff establishes her prima facie case, the burden shifts to defendant to articulate a legitimate, nonretaliatory reason for its actions. *See id.* If defendant meets its burden, then plaintiff must respond by showing that there is a genuine dispute of material fact as to whether defendant's asserted reasons for the challenged action are pretextual. *See id.* As set forth in more detail below, plaintiff has failed to establish a prima facie case of retaliation.

*Adverse Employment Action*

In support of its motion for summary judgment, defendant first contends that plaintiff has failed to show that she suffered any adverse employment action. The court agrees. Significantly, although plaintiff complains that she has been unable to move out of her current position since she filed her lawsuit, she fails to identify any specific position that she should have or would have received absent defendant's alleged retaliation. In the failure-to-promote and failure-to-hire context, every Circuit that has addressed this issue has required a plaintiff, as part of that plaintiff's prima facie case, to come forward with evidence of a specific vacant position for which the plaintiff was qualified and on which the plaintiff's claim is based. *See, e.g., Brown v. Coach Stores, Inc.*, 163 F.3d 706, 711–12 (2nd Cir.1998) (affirming 12(b)(6) dismissal of plaintiff's failure-to-promote claim in part because plaintiff failed to allege the specific positions to which she would have applied had the alleged discriminatory practices not existed); *Weber v. American Express Co.*, 994 F.2d 513, 516 (8th Cir.1993) (affirming grant of summary judgment to defendant on plaintiff's failure-to-hire claim where plaintiff failed to generate a factual dispute on an "essential element" of his prima facie case-the availability of a position for which he was qualified); *Rush v. Mc-Donald's Corp.*, 966 F.2d 1104, 1118 (7th Cir.1992) (affirming grant of summary judgment to defendant on plaintiff's failure-to-promote claim in part because plaintiff failed to show the existence of an available position); *Chavez v. Tempe Union High Sch. Dist. No. 213*, 565 F.2d 1087, 1091–92 (9th Cir.1977) (concluding that plaintiff failed to prove the existence of a job opening and thus failed to establish a prima facie case of discrimination in failure-to-promote context).[7]

In the absence of any argument from plaintiff suggesting otherwise, it is clear that plaintiff cannot establish a prima facie case of retaliation based on the theory that she has been unable to move out of her current position as plaintiff has not identified a specific position that she should have or would have received absent the alleged retaliation. *See Jones v. Unisys Corp.*, 54 F.3d 624, 631 (10th Cir.1995) (affirming summary judgment for employer; plaintiff failed to establish prima facie case of discrimination because he "did not identify specific jobs to which he claims he should have been transferred nor present evidence he was qualified for such jobs").

Plaintiff also alleges that she has been isolated from other employees in that other members of her team do not "share information" with her and that she is "not included" in the group. Plaintiff points to no other facts to support her claim that she felt isolated. These bare allegations do not rise to the level of an adverse employment action under Tenth Circuit precedent. *See Heno v. Sprint/United Management Co.*, 208 F.3d 847, 857 (10th Cir.2000) (plaintiff's evidence demonstrating that her supervisor and other employees acted in a "chilly" manner towards her, which made her feel isolated, did not rise to the level of an adverse employment action).

Finally, the court notes that plaintiff, in the pretrial order, also alleged that her supervisors, in retaliation for plaintiff's fil-

7. Similarly, the Tenth Circuit, albeit in an unpublished opinion, has required a plaintiff to identify a specific vacant position for which that plaintiff was qualified and on which his or her claim is based. *See Jackson v. Boeing Co.*, No. 92–3102, 1992 WL 372383, at *1 (10th Cir. Dec.10, 1992) (affirming grant of summary judgment to defendant on plaintiff's section 1981 failure-to-rehire claim in part because plaintiff failed to designate any evidence showing that a position was available).

ing her lawsuit, refused to give plaintiff certain work assignments and refused to respond to certain e-mail messages sent by her. Presumably because plaintiff raised these allegations in the pretrial order, defendant has moved for summary judgment on plaintiff's retaliation claim to the extent the claim is based on these allegations. Plaintiff, however, has not even mentioned these particular allegations in her papers, let alone addressed defendant's arguments with respect to the allegations. Moreover, in her own statement of facts, plaintiff sets forth only two facts pertaining to her retaliation claims-one fact concerning her inability to move to another position and one fact concerning her isolation from the rest of her group.[8] Thus, the court deems plaintiff to have abandoned her retaliation claim to the extent that claim was based on allegations that her supervisors refused to give her certain work assignments and refused to respond to certain e-mail messages.

*Causal Connection*

■■■ In any event, to establish a causal connection between her protected activity and defendant's conduct, "plaintiff must show that the individual who took adverse action against [her] knew of [plaintiff's] protected activity." *Williams v. Rice*, 983 F.2d 177, 181 (10th Cir.1993) (citing *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 635 (10th Cir.1988)). As defendant notes in its papers, plaintiff has failed to come forward with any competent evidence that any of the alleged retaliators knew that she had filed a lawsuit. For example, with respect to her claim that her immediate supervisor, Mary Alumbaugh, refused to give her work assignments in

retaliation for plaintiff's filing this lawsuit, plaintiff's "evidence" consists only of rank speculation and conclusory allegations as to whether Ms. Alumbaugh even knew about her lawsuit. Specifically, plaintiff testified in her deposition that Ms. Alumbaugh "would have to know because I don't think the company would let her be in the blind about somebody directly under her that was bringing a lawsuit. That would be extremely unfair to her." Of course, plaintiff's conjecture that Ms. Alumbaugh must have known about her lawsuit is insufficient to create a factual issue for trial. *See Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir.1988).

Similarly, aside from her own beliefs and opinions, plaintiff has no evidence that any of the other alleged retaliators knew about her lawsuit. Moreover, there is simply no evidence in the record from which a reasonable jury could infer that the alleged retaliators knew about plaintiff's protected activity. Finally, plaintiff, in her own papers, fails to even address the issue of whether the alleged retaliators knew about her lawsuit. For these reasons, summary judgment in favor of defendant is appropriate. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1235 (10th Cir. 2000) (affirming dismissal of retaliation claim on summary judgment where plaintiff presented no evidence that decisionmaker knew of plaintiff's protected activity at time discharge decision was made); *Sanchez v. Denver Public Schools*, 164 F.3d 527, 534 (10th Cir.1998) (same); *Williams*, 983 F.2d at 181 (same).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion

---

8. One of plaintiff's two facts concerning her retaliation claim contains the statement that "Plaintiff has been retaliated against on a daily basis." This conclusory statement, of course, is insufficient to withstand defendant's properly supported motion for summary judgment. Moreover, although plaintiff testified in her deposition that she is "constantly retaliated against every day," when asked to explain her statement, plaintiff stated only that she was not included in the group and that she was forced to stay in her current position.

for summary judgment (doc. # 74) is **granted** and plaintiff's complaint is dismissed in its entirety. Defendant's motion to determine Wichita as place of trial (doc. # 71) is **moot**.

IT IS SO ORDERED.